José Ortiz, Plaintiff and Appellant, *v.* Heirs of Alfredo Amy, Defendants and Appellees.

No. 5289.   Argued April 28, 1930.—Decided May 21, 1930.

*R. Rivera Zayas*, for petitioners-appellees.

Mr. Justice Texidor delivered the opinion of the court.

We are asked to reconsider our (*per curiam*) decision in this case rendered on April 24, 1930, on the ground that this court did not pass upon the defect alleged and which consisted in the failure to state in the affidavit of service the residence of the attorney for the appellant, and it is urged that this must be shown so that if a different residence appears service by mail can be justified. It is further said that, although it was held by us that the notice may be served by an agent, it was not determined whether an affidavit in which no men-

tion is made of the residence of the appellant or of his attorney is sufficient.

The point thus raised is perhaps too technical. This is a case where it is not denied that the attorney for the appellee received a copy of the notice of the appeal, which notice .was doubtless actually received. The petitioners themselves assert the fact of the filing of the appeal, and that 120 days had elapsed from such filing.

Section 321 of the Code of Civil Procedure reads as follows:

'Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail.''

The law makes reference to the ''person making the service''. Here such person is Pablo Ruiz, who states in his affidavit—

''That between Ponce, the place of my residence, and Coamo, the place of the residence of the notified attorney, there is a regular, daily and permanent communication by mail.''

By reason of the foregoing, the reconsideration sought must be denied.